Corinne Chandler SBN 111423
Email: cchandler@kantorlaw.net
Andrew M. Kantor SBN 303093
Email: akantor@kantorlaw.net
Glenn R. Kantor SBN 122643
Email: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO MEJIA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. AND SOUTHERN CALIFORNIA EDISON COMPANY LONG-TERM DISABILITY PLAN,<br><br>　　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR: BREACH OF CONTRACT, AND BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Roberto Mejia, herein sets forth the allegations of his Complaint against Defendants Sedgwick Claims Management Services, Inc. and Southern California Edison Company Long-Term Disability Plan.

### PRELIMINARY ALLEGATIONS

1.　Plaintiff brings this action for declaratory and monetary relief pursuant to §§502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1132(a), (e), (f) and (g), as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and

1. governed by ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan named as Defendant. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

3. Plaintiff was at all times relevant, an employee of Southern California Edison Company and a resident in the County of Los Angeles, State of California.

4. Plaintiff is informed and believes that Southern California Edison Company ("SCEC") is a corporation with its principal place of business in the state of California and is authorized to transact and is transacting business in the Central District of California. SCEC has established an employee benefit plan governed by ERISA ("LTD Plan"), which is a Defendant in this action.

5. The LTD Plan pays long term disability benefits to eligible employees.

6. Plaintiff is informed and believes that SCEC self-funds the LTD Plan.

7. Plaintiff is informed and believes that Sedgwick Claims Management Services, Inc. ("Sedgwick") administers the LTD Plan.

8. Plaintiff is informed and believes that the Policy was intended by SCEC and Sedgwick to insure citizens of the State of California, including plaintiff herein.

9. Plaintiff is informed and believes that Sedgwick is a corporation with its principal place of business in the State of Illinois, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California. Sedgwick is the claims administrator and insurer of the long-term disability benefits under the LTD Plan and acted in the capacity of a plan administrator with respect to the LTD Plan. At some or all relevant times,

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Defendant Sedgwick was a fiduciary of the LTD Plan within the meaning of ERISA §3(21), 29 U.S.C. §1001(21), in that Sedgwick acted as claims fiduciary for the LTD Plan, and exercised authority and control over the payment of long-term disability benefits, which are assets of the LTD Plan. Sedgwick is also the "appropriate named fiduciary" of the LTD Plan as described in 29 C.F.R. §2560.503(h)(1).

10. Defendants operate and, at all relevant times, have done business in this judicial district, in that they cover participants who reside in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CAUSE OF ACTION**
**AGAINST SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. AND SOUTHERN CALIFORNIA EDISON COMPANY LONG-TERM DISABILITY PLAN, FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS**
**(29 U.S.C. 1132(a)(1)(B))**

11. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

12. At all times relevant, Plaintiff was employed by SCEC, and was a covered participant under the terms and conditions of the LTD Plan. The SCEC LTD plan was insured by Defendant Sedgwick, and Sedgwick was also the Plan claims administrator and made all decisions to pay or deny benefit claims.

13. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

14. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Sedgwick for LTD benefits under the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan. Plaintiff's medical leave resulting from his disabling condition commenced on or about September 30, 2015. Plaintiff was paid LTD benefits for approximately two years and was denied on September 7, 2018. His claim was assigned Incident No. B6528O21S3-0O0J-01.

15. The appeal decision rendered by Sedgwick on Plaintiff's long term disability claim was final. Plaintiff was not afforded the opportunity to appeal said decision. However, plaintiff was given 180 days from the date he was first given written notice of the decision to uphold the benefits previously denied on appeal. Sedgwick advised Plaintiff that the final deadline for pursuing an action under Section 502(a) was March 6, 2019

16. Sedgwick and the Plan have breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to Plaintiff at a time when Sedgwick and the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though Sedgwick and the Plan had such knowledge, Sedgwick denied Plaintiff's LTD benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c) After Plaintiff's claim was denied in whole or in part, Sedgwick failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary; and

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

(d)  Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

17. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff his disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

18. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

19. As a proximate result of the aforementioned wrongful conduct of Sedgwick, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

20. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

21. The wrongful conduct of Sedgwick has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff up to and including the date of Judgment;

2. An order declaring that Plaintiff is entitled to immediate payment of all past due benefits, reinstatement to the LTD Plan, with all ancillary benefits to which

he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: February 21, 2019                    KANTOR & KANTOR, LLP


By: */s/ Andrew M. Kantor*
    Andrew M. Kantor
    Attorneys for Plaintiff,
    Roberto Mejia